JAM/ep                                                                    04-002

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LYNDA BARNABY and DAVID LEIBOWITZ,            Docket No.: 1: 08-cv-05137 MGC

                              Plaintiffs,      **VERIFIED ANSWER TO
                                               PLAINTIFFS' COMPLAINT**

            -against-

BALLY'S LAS VEGAS CASINO/HOTEL and
OTIS ELEVATOR COMPANY,

                              Defendants.
-------------------------------------------------------------------X


        The defendant, OTIS ELEVATOR COMPANY ("OTIS"), by its attorneys, GERINGER

& DOLAN LLP, respectfully alleges upon information and belief as follows:

                    AS TO THE FIRST CAUSE OF ACTION

        1.      Denies that it has any knowledge or information sufficient to form a belief as to

any of the allegations contained in the subdivisions thereof numbered 1, 2 and 5.

        2.      Denies each and every allegation contained in the subdivisions thereof numbered

3, 11, 12 and 13.

        3.      Denies each and every allegation contained in the subdivision thereof numbered

6, except admits a contract leaving all questions of interpretation thereof and ultimate questions

of law and fact to the trial of this action.

        4.      Denies the allegations contained in paragraphs numbered 7, 8, 9 and 10 of the

Verified Complaint to the extent they refer or relate to Otis and denies knowledge or information

sufficient to form a belief as to the truth of the allegations contained to the extent they refer or

relate to co-defendants and/or others.

<u>AS TO THE SECOND CAUSE OF ACTION</u>
<u>ON BEHALF OF PLAINTIFF, DAVID LEIBOWITZ</u>

5.  Defendant repeats, reiterates and realleges each and every denial as to the allegations contained in the paragraphs designated 1 through 13 of the complaint, in response to paragraph 14 thereof, with the same force and effect as if same were fully set forth at length.

6.  Denies each and every allegation contained in the subdivisions thereof numbered 15, 16, 17 and 18.

<u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE</u>

7.  The plaintiffs herein were guilty of culpable conduct, including comparative negligence, which said conduct bars plaintiffs' right of recovery or diminishes plaintiffs' right of recovery in the proportion to which this said culpable conduct or negligence attributable to plaintiff bears to the culpable conduct or negligence which caused the damages, if any, or the occurrence complained of by plaintiffs were caused in whole or in part by the assumption of risk of the plaintiffs.

<u>AS AND FOR A SECOND AFFIRMATIVE DEFENSE</u>

8.  Defendant OTIS hereby demands that the liability, if any, of this defendant, which OTIS specifically denies, be limited to that equitable share of this defendant determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss as set forth within Article 16 of the Civil Practice Law and Rules.

<u>AS AND FOR A THIRD AFFIRMATIVE DEFENSE</u>

9.  If the plaintiffs herein has received remuneration and/or compensation for some or all of their claimed economic loss, or will with reasonable certainty receive remuneration and/or compensation for said loss in the future, this defendant is entitled to have plaintiffs' award, if any, reduced by the amount of said remuneration and/or compensation pursuant to §4545(c) of

the CPLR.    The collateral sources include, but are not limited to insurance, Workers'
Compensation, social security and/or employee benefit programs.

<u>AS AND FOR A FOURTH AFFIRMATIVE DEFENSE</u>

10. The complaint fails to state a cause of action upon which relief can be granted.

<u>AS AND FOR A FIFTH AFFIRMATIVE DEFENSE</u>

11. The product in question was misused herein.

<u>AS AND FOR A SIXTH AFFIRMATIVE DEFENSE</u>

12. The plaintiffs misused or altered the product referred to herein.

<u>AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE</u>

13. Nevada law will apply to this matter.

<u>AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE</u>

14. The statute of limitations is a complete and total bar as to any and all warranties
allegedly presented or made in connection with the alleged sale, manufacture, distribution, etc.

<u>AS AND FOR A NINTH AFFIRMATIVE DEFENSE</u>

15. Any injuries or damages sustained by plaintiffs as alleged in the complaint were the
damage of unforeseen misuse, substantial alteration or modification of the instrumentality
allegedly involved herein by persons or entities over whom OTIS had no control.

<u>AS AND FOR A TENTH AFFIRMATIVE DEFENSE</u>

16. Any injuries and/or damages sustained by plaintiffs as alleged in the complaint were
caused in whole or in part by the culpable conduct of third parties not under the control of
defendant OTIS.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

17. Plaintiffs failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities as alleged in the verified complaint.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

18. The defendant herein is not liable for more than its proportional share, if any, of the alleged damages pursuant to CPLR Article 16 determined with the relative culpability of each person or party causing or contributing to the total liability and that plaintiff has not joined all potentially liable parties.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

19. The defendant, OTIS, had no duty to the plaintiffs with regard to the instrumentality at issue.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

20. If defendant's product or services are identified as having caused, produced or contributed to plaintiffs' injuries, said injuries were directly, proximately and solely caused by independent, intervening and superseding causes not reasonably foreseeable to the defendant.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

21. At all relevant times, the defendant's product was of good merchantable quality and was fit and safe for its ordinary and intended use(s).

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

22. If the defendant's product was used by plaintiffs as set forth in the complaint, the product was manufactured, distributed and sold in uniformity with the state of the art and/or in conformity with industry practice and/or governmental or regulatory agency standards.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

23. The product in question contained adequate warnings and instructions.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

24. That in the event any person or entity liable or claimed to be liable for the damages alleged in this action has been given or may hereafter be given a release or covenant not to sue, this answering defendant will be entitled to protection under General Obligations Law §§15-08, and the corresponding reduction of any damages which may be determined to be due against the answering Defendant.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

25. While the defendant denies the existence of any defective or otherwise dangerous conditions at the premises identified in the complaint, in the unlikely event that the court finds any such conditions were present, said defendant did not have any knowledge or notice of same prior to the time of the complained occurrence.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

26. To the extent that the plaintiffs were to receive reimbursement for all or part of the damages claimed, the plaintiffs should be estopped from asserting the same herein.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

27. There was no contract or privity between plaintiffs and this answering defendant.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

28. Any claimed building code or other statute, code or ordinance alleged by plaintiffs concerning the premises does not give rise to damages for alleged personal injury.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

29. This answering defendant did not breach or violate any legal duty owed to plaintiffs.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

30. This answering defendant neither committed nor failed to commit any act which damaged the plaintiffs.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

31. At the time and place of the events alleged in the Verified Complaint, plaintiffs had been furnished with one or more safety devices for use during the course of the activities in which plaintiffs were engaged.

32. Plaintiff deliberately refused to employ safety devices that were available, visible and in place at the time and place of the events alleged in the Verified Complaint, the occurrence of which is expressly denied.

33. To the extent that plaintiff sustained any injuries by reason of their exposure to risks, plaintiff's failure to make use of safety device(s) they were furnished was the sole proximate cause of such injuries.

34. Plaintiffs are barred from recovering damages in this action pursuant to the intervening cause doctrine and by such other doctrines of law or equity of which the Court shall take notice at the time of trial.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

35. To the extent that plaintiffs sustained an injury at the time and place alleged in the Verified Complaint, which is expressly denied by this answering defendant, to the extent such injury and occurrence was the result of an open and apparent condition that was an unavoidable feature of the work or activities plaintiffs were voluntarily performing at the time and place alleged, and not as a result of any breach of any common law or statutory duty or obligation by this answering defendant.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATION DEFENSE

36. Defendant asserts forum non conveniens.

## AS AND FOR A TWENTY-EIGHTH AFFIRMATION DEFENSE

37. Defendant assets forum non conveniens pursuant to CPLR §327, as Nevada is the proper forum for the instant litigation, as the alleged accident is claimed to have occurred in Las Vegas, Nevada.

## AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

38. That answering defendant denies any and all allegations of plaintiffs' verified complaint not specifically admitted herein.

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

39. That answering defendant reserves the right to amend this verified answer to assert additional affirmative defenses upon ascertaining more definite facts during and upon completion of discovery and investigation.

## AS A BASIS FOR AFFIRMATIVE RELIEF AND AS FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANT BALLY'S LAS VEGAS CASINO/HOTEL ANSWERING DEFENDANT ALLEGES:

40. If plaintiffs were caused to sustain injuries and damages at the time and place set forth in plaintiffs' Complaint through any carelessness, recklessness and negligence other than plaintiffs' own, those damages arose in whole or in part from the acts of co-defendant and if any judgment or recovery of any kind is recovered herein by plaintiffs against answering defendant, then this defendant will be damaged thereby and will be entitled to contribution or apportionment pursuant to CPLR Article 14 in whole or in part, on the basis of proportionate responsibility or negligence of co-defendant.

7

AS A BASIS FOR AFFIRMATIVE RELIEF AND
AS FOR A SECOND CROSS-CLAIM AGAINST
CO-DEFENDANT BALLY'S LAS VEGAS CASINO/HOTEL
ANSWERING DEFENDANT ALLEGES:

41. If the plaintiffs were caused to sustain injuries and damages at the time and in the manner set forth in the Complaint through any carelessness, recklessness or negligence other than that of plaintiffs' own, which is expressly denied, such injuries and damages will have been caused, brought about and sustained solely by reason of the active, primary and affirmative negligence, carelessness and wrongdoing of the co-defendant, their agents, servants and/or employees, without any negligence on the part of this answering defendant contributing thereto, or if there be any negligence on the part of the answering defendant, the same was merely passive and secondary in nature.

42. That by reason of the foregoing, if the plaintiffs recover any judgment or recovery of any kind against the answering defendant, then pursuant to common law indemnification this defendant is entitled to be fully indemnified by the co-defendant in a like amount, together with the costs, disbursements, expenses and attorneys' fees of the defense of this action by reason of the active and primary negligence of the co-defendant.

WHEREFORE the defendant, OTIS, demands judgment dismissing the complaint, together with the costs, disbursements and expenses of this action, and further demands that the relative responsibilities of the said defendant be apportioned and that the defendant, OTIS, have full indemnification and judgment herein against co-defendant for the full amount of any verdict or judgment that may be recovered against it by the plaintiffs in this action, together with all costs of investigation and disbursements, expenses and attorneys' fees incurred in the defense of this action, and in the conduct of this cross-claim.

Dated: New York, New York
May 14, 2008

Yours, etc.,

GERINGER & DOLAN LLP

By: _____
     JOHN A. McCARTHY

Attorneys for Defendant
OTIS ELEVATOR COMPANY
5 Hanover Square, 3rd Floor
New York New York 10004
(212) 682-7050

TO:    Justin M. Blitz, Esq.
       SHANDEL, BLITZ, BLITZ &
       ASHLEY, LLP
       Attorneys for Plaintiffs
       150 Broadway, 14th Floor
       New York, New York 10038
       (212) 513-1300

       BALLY'S LAS VEGAS CASINO/HOTEL
       3655 Las Vegas Blvd. South
       Las Vegas, NV 89109

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LYNDA BARNABY and DAVID LEIBOWITZ,      Docket No.: 1: 08-cv-05137 MGC

                      Plaintiffs,        **ATTORNEY VERIFICATION**

     -against-

BALLY'S LAS VEGAS CASINO/HOTEL and
OTIS ELEVATOR COMPANY,

                      Defendants.
------------------------------------------------------------------X


STATE OF NEW YORK  )
                    ) ss.:
COUNTY OF NEW YORK)


       JOHN A. McCARTHY deposes and says:

     1.  I am a member of the firm of GERINGER & DOLAN LLP, the attorneys for the defendant, OTIS, in the above-entitled action.

     2.  I have read the foregoing ANSWER TO PLAINTIFFS' COMPLAINT and know the contents thereof; it is true to my knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.  The source of my information and the grounds of my belief are statements, letters and reports examined by me relative to the matters referred to in the annexed ANSWER TO PLAINTIFFS' COMPLAINT.

     3.  The reason this verification is made by me instead of by defendant is that I am in possession of the material information on which this action is based, and further that defendant is not located within the same county as counsel for defendant, as well as the fact that defendant is a foreign corporation.

4.   I affirm that the above is true under the penalties of perjury pursuant to Rule 2106 of the Civil Practice Law and Rules.

Dated: New York, New York
       May 14, 2008

JOHN A. McCARTHY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

LYNDA BARNABY and DAVID LEIBOWITZ,          Docket No.:  1: 08-cv-05137 MGC

                            Plaintiffs,          **AFFIDAVIT OF SERVICE**

          -against-

BALLY'S LAS VEGAS CASINO/HOTEL and
OTIS ELEVATOR COMPANY,

                            Defendants.
-------------------------------------------------------------------X


STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK)


          EVELYNMARY PULLIS, being duly sworn, deposes and says:

          I am not a party to this action, am over 18 years of age and reside in Bergen

County, New Jersey.

          On the 15 day of May, 2008, I served the within **VERIFIED ANSWER TO**

**PLAINTIFFS' COMPLAINT, DEMAND FOR VERIFIED BILL OF PARTICULARS,**

**NOTICE FOR DISCOVERY AND INSPECTION, NOTICE OF INSPECTION OF LOSS**

**OF INCOME DATA, NOTICE FOR DISCOVERY AND INSPECTION OF**

**COLLATERAL SOURCES, DEMAND FOR WITNESS DISCLOSURE and three**

**NOTICES TO TAKE EXAMINATION BEFORE TRIAL** upon the attorneys whose names

and addresses are set forth below, by enclosing a true copy thereof in a securely sealed

envelope/container, with proper postage, addressed to their respective offices, and by depositing

same in an official box of the U.S. Post Office regularly maintained by the United States Government.

TO:    Justin M. Blitz, Esq.
        SHANDEL, BLITZ, BLITZ &
        ASHLEY, LLP
        Attorneys for Plaintiffs
        150 Broadway, 14th Floor
        New York, New York 10038

        BALLY'S LAS VEGAS CASINO/HOTEL
        3655 Las Vegas Blvd. South
        Las Vegas, NV 89109

EVELYNMARY PULLIS

Sworn to before me this
15 day of May 2008

Notary Public

JOHN A. McCARTHY
Notary Public, State of New York
No. 31-4774100
Certified in New York County
Commission Expires 10/31/2010

13