UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Lynda Barnaby and David Leibowitz        CASE MANAGEMENT PLAN

                Plaintiff (s)           08 Civ. 5137 (MGC)

    - against -

Bally's Las Vegas Casino/Hotel, and
Otis Elevator Company
                Defendant (s)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

    The Following Case Management Plan is entered, after consultation with the parties. This Plan is also a Rule 16 and Rule 26 (f) scheduling order as required by the Federal Rules of Civil Procedure.

Estimated Length of time for Trial __5 days__

Joinder of additional parties by __November 30, 2008__

Amend the pleadings by __October 31, 2008__

All motions other than summary judgment by __November 30, 2008__

Discovery:

All discovery to be completed by __January 30, 2009__

Joint Pre-Trial Order to be submitted by __30 days after discovery completed__

Final Pre-Trial Conference _____

Trial: _____

SO ORDERED.

Dated:   New York, New York

                                              MIRIAM GOLDMAN CEDARBAUM
                                              United States District Judge

## INDIVIDUAL PRACTICES OF JUDGE MIRIAM GOLDMAN CEDARBAUM

Unless otherwise ordered by Judge Cedarbaum, matters before Judge Cedarbaum shall be conducted in accordance with the following practices:

### 1. COMMUNICATIONS WITH CHAMBERS

**A. Letters.** Except on emergency matters, communications with chambers shall be in writing, with a copy to opposing counsel. Letters must be delivered to opposing counsel in the same manner in which they are delivered to chambers, and must show the method of delivery (e.g., "By Hand" or "By Mail").

**B. Telephone Calls.** Telephone calls to chambers are permitted only in emergency situations requiring immediate attention. In such situations only, call chambers at (212) 805-0198.

**C. Faxes.** Faxes to chambers are not permitted.

**D. Adjournments.** Absent an emergency, a request for an adjournment shall be made by letter received by chambers at least 48 hours prior to the scheduled event, and shall indicate whether any party objects to the adjournment.

### 2. CONFERENCES

The lawyer who is in charge of the case and who will try it is required to appear at all conferences with the court.

### 3. MOTIONS

**A. Pre-Motion Conferences in Civil Cases.** Parties who wish to make a discovery motion (Local Civil Rule 37.2) or a motion for summary judgment should arrange for a conference before preparing any papers.

**B. Courtesy Copies.** Courtesy copies of all motion papers, marked as such, must be delivered to chambers at the time the papers are served.

**C. Timing and Filing of Motion Papers.** Motions, except those of an emergency nature, are heard on any Thursday at 9:30 a.m. Motions must be received by all parties by noon at least 22 days before the return date. Parties may not select as a return date a Thursday more than 29 days after the date of service without permission of the court. Answering papers must be received by all parties by noon on Wednesday of the week before the return date. Reply papers, if any, must be received by all parties by noon on Tuesday of the week of the return date. Copies of all papers served must be delivered directly to chambers at the time of service.

   **D. Oral Argument on Motions.** Oral argument will be heard on all motions except *pro se* matters and motions to reargue.

   **E. Default Judgments.** Applications for default judgments must be made by notice of motion.

4. **ORDERS TO SHOW CAUSE**

   Except when cause for ex parte relief is shown, an order to show cause will not be issued unless the party requesting such an order has notified all adversaries of the time and date the request is to be made and all adversaries have had an opportunity to appear and oppose the application. Applications for orders to show cause should be accompanied by a supporting memorandum of law.

5. **PRETRIAL PROCEDURES**

   **A. Disclosure of Trial Witnesses.** All trial witnesses including experts must be disclosed by no later than 15 days before the close of discovery.

   **B. Joint Pretrial Orders in Civil Cases.** A Joint Pretrial Order (JPTO) must be submitted on or before the date set in the Case Management Plan.

   The format of the JPTO in a case to be tried before a jury must be as follows:

   1) Best estimate of the length of the trial.

   2) Undisputed Facts.

   3) Plaintiff's Contentions of Fact. For each contention, there must be a citation to at least one witness or document that will establish that fact.

   4) Plaintiff's Contentions of Law. For each contention, there must be a citation to at least one case or statute.

   5) Defendant's Contentions of Fact. For each contention, there must be a citation to at least one witness or document that will establish that fact. The defendant's contentions should state the defendant's version of the facts, and should not simply deny the plaintiff's contentions.

   6) Defendant's Contentions of Law. For each contention, there must be a citation to at least one case or statute.

   7) A list by each party of all proposed witnesses. Witnesses not listed in the JPTO will be precluded from testifying at trial.

    8) A list by each party of exhibits to be offered in its case in chief with any objections by the other side on the same page immediately adjacent to the contested exhibit. Exhibits not exchanged and listed in the JPTO may not be introduced at trial.

    The same format must be followed in non-jury cases, except that the parties should include "Proposed Findings of Fact" in place of "Contentions of Fact," and "Proposed Conclusions of Law" in place of "Contentions of Law."

    May 25, 2004

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                                              ss.:
COUNTY OF NEW YORK   )

    Mary Kadlubkiewicz, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and is employed by the attorneys for the Plaintiff herein.

    That on August 1, 2008, deponent served the within Case Management Plan upon the following:

Geringer & Dolan, LLP
Attorneys for Defendant, OTIS ELEVATOR COMPANY
5 Hanover Square, 3rd Floor
New York, NY  10004

Camacho Mauro Mulholland, LLP
Attorneys for Defendant, PARBALL    CORPORATION, d/b/a BALLY'S LAS VEGAS, s/h/a BALLY'S LAS VEGAS CASINO/HOTEL
350 Fifth Avenue - Suite 5101
New York, NY  10118

the address designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in a Post Office/official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                                      _____
                                                      Mary Kadlubkiewicz

Sworn to before me this
1st day of August, 2008.

_____
Notary Public

MITCHEL H. ASHLEY
Notary Public, State of New York
No. 02AS5069299
Qualified in New York County
Commission Expires Nov. 25, 2010

FILE NO.   08 Civ. 5137 (MGC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LYNDA BARNABY and DAVID LEIBOWITZ,

                              Plaintiffs,

- against -

BALLY'S LAS VEGAS CASINO/HOTEL and OTIS ELEVATOR COMPANY,

                              Defendants.

---

### CASE MANAGEMENT PLAN

---

**SHANDELL, BLITZ, BLITZ & ASHLEY, LLP**
Attorneys for Plaintiffs
Office and Post Office Address, Telephone
**150 BROADWAY, 14TH FLOOR**
**NEW YORK, NEW YORK 10038**
**(212)513-1300**

---

Signature Pursuant to Rule 130-1.1-a

                                                  Justin M. Blitz

---

To:   ALL PARTIES

Attorney(s) for Defendants