UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYNDA BARNABY and DAVID LEIBOWITZ,<br><br>Plaintiff(s),<br><br>-against-<br><br>BALLY'S LAS VEGAS CASINO/HOTEL, OTIS ELEVATOR COMPANY, PARBALL CORPORATION, and PARBALL CORPORATION, d/b/a BALLYS LAS VEGAS,<br><br>Defendant(s). | Civil Action No.:<br>08-CV-05137 (MGC)<br><br>Jury Trial Demanded<br><br>**AMENDED VERIFIED COMPLAINT**<br> |

Plaintiffs, complaining of the defendants, by their attorneys, SHANDELL, BLITZ, BLITZ & ASHLEY, LLP, respectfully states and alleges, upon information and belief:

1. That at all times hereinafter mentioned, defendant BALLY'S LAS VEGAS CASINO/HOTEL (hereinafter referred to as "BALLY'S") was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

2. That at all times hereinafter mentioned, defendant BALLY'S was a foreign corporation duly licensed to do business in the State of Nevada and was doing business in the State of Nevada.

3. That at all times hereinafter mentioned, defendant OTIS ELEVATOR COMPANY (hereinafter referred to as "OTIS"), was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

4. That at all times hereinafter mentioned, defendant OTIS was a foreign corporation duly licensed to do business in the State of Nevada and was doing business in the State of Nevada.

5. That at all times hereinafter mentioned, defendant PARBALL CORPORATION (hereinafter referred to as "PARBALL") was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

6. That at all times hereinafter mentioned, defendant PARBALL was a foreign corporation duly licensed to do business in the State of Nevada and was doing business in the State of Nevada.

7. That at all times hereinafter mentioned, defendant PARBALL CORPORATION, d/b/a BALLYS LAS VEGAS (hereinafter referred to as "PARBALL d/b/a BALLYS") was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. That at all times hereinafter mentioned, defendant PARBALL d/b/a BALLYS was a foreign corporation duly licensed to do business in the State of Nevada and was doing business in the State of Nevada.

9. That at all times hereinafter mentioned, defendant BALLY'S owned, operated, maintained, managed and controlled certain premises known as Bally's Las Vegas Hotel & Casino, located at 3645-3655 Las Vegas Boulevard South, Las Vegas, Nevada, and in particular the elevators in said premises and more specifically the elevator in the North Tower thereof.

10. That at all times hereinafter mentioned, defendant PARBALL owned, operated, maintained, managed and controlled certain premises known as Bally's Las Vegas Hotel & Casino, located at 3645-3655 Las Vegas Boulevard South, Las Vegas, Nevada, and in particular the elevators in said premises and more specifically the elevator in the North Tower thereof.

11. That at all times hereinafter mentioned, defendant PARBALL d/b/a BALLYS owned, operated, maintained, managed and controlled certain premises known as Bally's Las Vegas Hotel & Casino, located at 3645-3655 Las Vegas Boulevard South, Las Vegas, Nevada, and in particular the elevators in said premises and more specifically the elevator in the North Tower thereof.

12. That at all times hereinafter mentioned, defendant OTIS operated, maintained, managed, controlled, serviced and/or repaired the aforementioned elevators and their appurtenant parts at the aforesaid premises and in particular the aforementioned elevator in the North Tower thereof.

13. That on or about October 6, 2007, while plaintiff LYNDA BARNABY was lawfully upon the aforesaid premises as a guest therein, through the negligence and carelessness of the defendants herein, their agents, servants and/or employees, in the ownership, operation, maintenance, management, control, service and/or repair of the aforementioned elevator, plaintiff was caused to trip and be precipitated to the floor thereat, thereby causing her to sustain severe and permanent personal injuries.

14. That the aforesaid occurrence was caused solely and wholly through the negligence of the defendants herein and without any negligence on the part of plaintiffs contributing thereto.

15. That it was the duty of the defendants, their agents, servants and/or employees to keep the aforesaid elevator in good condition and repair so as not to endanger the life and limbs of any persons, including plaintiff, who was lawfully and properly using same therein and to give due and timely notice or warning of any attendant peril or danger.

16. Defendants, their agents, servants and/or employees were negligent and careless in the ownership, operation, maintenance, management, control, service and/or repair of the aforesaid premises, and in particular the elevators therein; in negligently and carelessly allowing a dangerous condition to exist thereat despite actual and constructive notice thereof; in causing, permitting and allowing said

elevator to be, become and remain in a dangerous condition; in failing to repair and/or properly repair the said elevator; in failing to warn guests and in particular the plaintiff herein of its dangerous and hazardous condition; in failing to place barricades or other preventive devices in front of said elevator in order to prevent the aforesaid occurrence; in continuing to operate the aforesaid elevator despite knowledge of its dangerous and unsafe condition; in causing, permitting and allowing plaintiff to trip and fall onto the floor of the aforesaid elevator; in failing to put said elevator out of service until such time as it was fit for use; in failing to provide a safe means of ingress and egress to the said elevator; in failing to properly operate, maintain and repair the doors and other appurtenant parts of the aforesaid elevator; in failing to inspect, properly inspect and/or timely inspect the aforesaid elevator to ascertain its dangerous condition; in failing to warn plaintiff of the condition of said elevator and of the dangers inherent in the use of said elevator, although defendants knew or should have known of same by use of reasonable care, inspection and supervision; negligently and carelessly failing to make proper and adequate inspections, adjustments and tests to the aforesaid elevator; in causing, allowing and permitting said elevator to be used by members of the general public, including the plaintiff herein, while containing a defective part or parts therein and/or part or parts which were dangerously and carelessly placed therein; in causing, allowing and permitting an apparatus and/or piece of equipment to be used

with an improper and defective mechanical condition and thereby exposing plaintiff and others to a position of danger and peril; in failing to discover that the said product was in a defective and dangerous condition; in failing to see whether the product was in a proper, safe and reasonable condition for the use for which it was intended; in failing to use and employ the accepted and proper practices, modes and procedures in such cases made and provided for; in causing, allowing and permitting the aforesaid product to be unfit for normal working conditions in that same lacked the necessary qualifications and safeguards to make it adequate and proper for the use for which it was intended; in operating the aforesaid elevator in violation of the Building Code and other statutes, codes, ordinances and regulations, of which this Court will take judicial notice and defendants were otherwise negligent and careless in the premises.

17. That as a result of the foregoing, plaintiff was rendered sick, sore, lame and disabled; suffered injuries, both internal and external, pain and mental anguish; she was confined to her bed and home for a lengthy period of time; was compelled to seek medical care and attention and upon information and belief, will in the future be compelled to seek medical care and attention; was prevented from following her usual occupation and upon information and belief will in the future be disabled from following her usual occupation and was otherwise injured and damaged.

18. That as a result of the foregoing plaintiff has been severely and permanently injured and damaged and accordingly seeks appropriate recompense.

19. That as a result of the foregoing, the amount of damages sought herein against defendants exceeds the jurisdictional limits of all lower Courts which might otherwise have jurisdiction herein.

AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFF, DAVID LEIBOWITZ

20. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in Paragraphs "1" through "18" inclusive of this complaint, with the same force and effect as though more fully set forth at length herein.

21. That at all times hereinafter mentioned, plaintiff DAVID LEIBOWITZ was the husband of plaintiff, LYNDA BARNABY, and as such lived and cohabited with her and was entitled to her society, services, consortium and companionship.

22. That as a result of the foregoing, this plaintiff has been deprived of the society, services, consortium and companionship of his wife LYNDA BARNABY.

23. That by reason of the foregoing, plaintiff DAVID LEIBOWITZ has been severely and permanently damaged and accordingly seeks appropriate recompense.

24. That as a result of the foregoing, the amount of damages herein exceeds the jurisdictional limits of all lower courts which might otherwise have jurisdiction herein.

WHEREFORE, plaintiffs demand judgment against the defendants for such monetary relief or other relief as shall be called for by the proof and to be awarded by the Court and/or jury; the amount of damages sought herein exceeds the jurisdictional limits of all lower Courts which might otherwise have jurisdiction herein; together with the costs and disbursements of this action.

## DEMAND FOR A JURY TRIAL

Plaintiffs demand a trial by jury as to all issues in the above matter.

SHANDELL, BLITZ, BLITZ & ASHLEY, LLP
Attorneys for Plaintiff(s)

By: _____
Justin M. Blitz (JmB 1584)
150 Broadway, 14th Floor
New York, New York 10038
Tel.: (212) 513-1300

## ATTORNEY'S VERIFICATION

The undersigned, an attorney admitted to practice in the State of New York, hereby affirms, that the undersigned has read the foregoing Amended Complaint, knows the contents thereof; that the same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief and as to those matters affirmant believes them to be true.

The undersigned further states that the reason this affirmation is made by the undersigned and not the plaintiff is that plaintiff resides in a county other than that in which affirmant maintains his offices.

The grounds of affirmant's belief as to all matters not stated to be upon affirmant's knowledge are as follows: Medical Reports, Hospital Records, Investigations, File.

The undersigned affirms that the foregoing statements are true, under penalty of perjury.

Dated: New York, New York
      July 1, 2008

_____
JUSTIN M. BLITZ

<u>AFFIDAVIT OF SERVICE</u>

STATE OF NEW YORK        )
                                           ss.:
COUNTY OF NEW YORK   )

    Mary Kadlubkiewicz, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and is employed by the attorneys for the Plaintiff herein.

    That on August 5, 2008, deponent served the within Supplemental Summons and Amended Complaint upon the following:

Geringer & Dolan, LLP
Attorneys for Defendant, OTIS ELEVATOR COMPANY
5 Hanover Square, 3rd Floor
New York, NY 10004

Camacho Mauro Mulholland, LLP
Attorneys for Defendants, BALLY'S LAS VEGAS CASINO/HOTEL, PARBALL CORPORATION, and PARBALL CORPORATION, d/b/a BALLYS LAS VEGAS
350 Fifth Avenue - Suite 5101
New York, NY 10118

the address designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in a Post Office/official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                       Mary Kadlubkiewicz

Sworn to before me this
5th day of August, 2008.

_____
Notary Public

JUSTIN M. BLITZ
Notary Public, State of New York
No. 01BL6077977
Qualified in New York County
Commission Expires July 22, 2010

Civil Action No.:                                08-CV-05137 (MGC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LYNDA BARNABY and DAVID LEIBOWITZ,

                Plaintiffs,

- against -


BALLY'S LAS VEGAS CASINO/HOTEL, OTIS ELEVATOR COMPANY, PARBALL CORPORATION, and PARBALL CORPORATION, d/b/a BALLYS LAS VEGAS,

                Defendants.

---

## SUPPLEMENTAL SUMMONS
## AND
## AMENDED VERIFIED COMPLAINT

---

**SHANDELL, BLITZ, BLITZ & ASHLEY, LLP**
Attorneys for Plaintiffs
Office and Post Office Address, Telephone
150 BROADWAY, 14TH FLOOR
NEW YORK, NEW YORK 10038
(212)513-1300

---

Signature Pursuant to Rule 130-1.1-a

_____
Justin M. Blitz

---

To:   ALL PARTIES