JAM/ep
04-002

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LYNDA BARNABY and DAVID LEIBOWITZ,          Docket No.: 1: 08-cv-05137 MGC

          Plaintiffs,  **ANSWER TO PLAINTIFFS'
                   AMENDED COMPLAINT**

 -against-

BALLY'S LAS VEGAS CASINO/HOTEL,
OTIS ELEVATOR COMPANY, PARBALL
CORPORATION, and PARBALL CORPORATION
d/b/a BALLYS LAS VEGAS,

         Defendants.
------------------------------------------------------------------X

  The defendant, OTIS ELEVATOR COMPANY, ("OTIS") by its attorneys, GERINGER & DOLAN LLP respectfully alleges upon information and belief as follows:

<u>AS TO THE FIRST CAUSE OF ACTION</u>

  1. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered 1.

  2. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered 2.

  3. Denies each and every allegation contained in the subdivision thereof numbered 3.

  4. Admits each and every allegation contained in the subdivision thereof numbered 4.

  5. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered 5.

  6. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered 6.

1

JAM/ep
04-002

7. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered 7.

8. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered 8.

9. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered 9.

10. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered 10.

11. Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in the subdivision thereof numbered 11.

12. Denies each and every allegation contained in the subdivision thereof numbered 12, except admits a contract leaving all questions of interpretation thereof and ultimate questions of law and fact to the trial of this action.

13. Denies the allegations contained in paragraph numbered 13 of the Complaint to the extent they refer or relate to OTIS and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained to the extent they refer or relate to co-defendants and/or others.

14. Denies the allegations contained in paragraph numbered 14 of the Complaint to the extent they refer or relate to OTIS and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained to the extent they refer or relate to co-defendants and/or others.

15. Denies the allegations contained in paragraph numbered 15 of the Complaint to the extent they refer or relate to OTIS and denies knowledge or information sufficient to form a

JAM/ep                                                          04-002

belief as to the truth of the allegations contained to the extent they refer or relate to co-defendants and/or others.

16. Denies the allegations contained in paragraph numbered 16 of the Complaint to the extent they refer or relate to OTIS and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained to the extent they refer or relate to co-defendants and/or others.

17. Denies each and every allegation contained in the subdivision thereof numbered 17.

18. Denies each and every allegation contained in the subdivision thereof numbered 18.

19. Denies each and every allegation contained in the subdivision thereof numbered 19.

### AS TO THE SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, DAVID LEIBOWITZ

20. Defendant repeats, reiterates and realleges each and every denial as to the allegations contained in the paragraphs designated 1 through 18 of the amended complaint, in response to paragraph 20 thereof, with the same force and effect as if same were fully set forth at length.

21. Denies each and every allegation contained in the subdivision thereof numbered 21.

22. Denies each and every allegation contained in the subdivision thereof numbered 22.

23. Denies each and every allegation contained in the subdivision thereof numbered 23.

24. Denies each and every allegation contained in the subdivision thereof numbered 24.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

25. The plaintiffs herein were guilty of culpable conduct, including comparative negligence, which said conduct bars plaintiffs' right of recovery or diminishes plaintiffs' right of recovery in the proportion to which this said culpable conduct or negligence attributable to plaintiff bears to the culpable conduct or negligence which caused the damages, if any, or the

occurrence complained of by plaintiffs were caused in whole or in part by the assumption of risk of the plaintiffs.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

26. Defendant OTIS hereby demands that the liability, if any, of this defendant, which OTIS specifically denies, be limited to that equitable share of this defendant determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss as set forth within Article 16 of the Civil Practice Law and Rules (or the equivalent, or similar law, code, statute, or rule should Nevada law apply).

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

27. If the plaintiffs herein have received remuneration and/or compensation for some or all of their claimed economic loss, or will with reasonable certainty receive remuneration and/or compensation for said loss in the future, this defendant is entitled to have plaintiffs' award, if any, reduced by the amount of said remuneration and/or compensation pursuant to §4545(c) of the CPLR.  The collateral sources include, but are not limited to insurance, Workers' Compensation, social security and/or employee benefit programs.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

28. The amended complaint fails to state a cause of action upon which relief can be granted.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

29. The product in question was misused herein.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

30. The plaintiffs misused or altered the device or instrumentality referred to in the instant lawsuit.

JAM/ep
04-002

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

31. Nevada law will apply to this matter.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

32. The statute of limitations is a complete and total bar as to any and all warranties allegedly presented or made in connection with the alleged sale, manufacture, distribution, etc.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

33. Any injuries or damages sustained by plaintiffs as alleged in the amended complaint were the damage of unforeseen misuse, substantial alteration or modification of the instrumentality allegedly involved herein by persons or entities over whom OTIS had no control.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

34. Any injuries and/or damages sustained by plaintiffs as alleged in the amended complaint were caused in whole or in part by the culpable conduct of third parties not under the control of defendant OTIS ELEVATOR COMPANY.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

35. Plaintiffs failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities as alleged in the amended complaint.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

36. The defendant herein is not liable for more than its proportional share, if any, of the alleged damages pursuant to CPLR Article 16 (or the equivalent, or similar Nevada law, rule, code, or statute should Nevada law apply) determined with the relative culpability of each person or party causing or contributing to the total liability and that plaintiff has not joined all potentially liable parties.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

37. The defendant, OTIS ELEVATOR COMPANY, had no duty to the plaintiffs with regard to the instrumentality at issue.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

38. If defendant's product or services are identified as having caused, produced or contributed to plaintiffs' injuries, said injuries were directly, proximately and solely caused by independent, intervening and superseding causes not reasonably foreseeable to the defendant.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

39. At all relevant times, the defendant's product was of good merchantable quality and was fit and safe for its ordinary and intended use(s).

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

40. If the defendant's product was used by plaintiffs as set forth in the amended complaint, the product was manufactured, distributed, sold, and maintained in uniformity with the state of the art and/or in conformity with industry practice and/or governmental or regulatory agency standards.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

41. The product in question contained adequate warnings and instructions.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

42. That in the event any person or entity liable or claimed to be liable for the damages alleged in this action has been given or may hereafter be given a release or covenant not to sue, this answering defendant will be entitled to protection under General Obligations Law §§15-08 (or the equivalent, or similar Nevada law, code, rule or statute should Nevada law apply) and the

corresponding reduction of any damages which may be determined to be due against the answering Defendant.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

43. While the defendant denies the existence of any defective or otherwise dangerous conditions at the premises identified in the amended complaint, in the unlikely event that the court finds any such conditions were present, said defendant did not have any knowledge or notice of same prior to the time of the complained occurrence.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

44. To the extent that the plaintiffs were to receive reimbursement for all or part of the damages claimed, the plaintiffs should be estopped from asserting the same herein.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

45. There was no contract or privity between plaintiffs and this answering defendant.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

46. Any claimed building code or other statute, code or ordinance alleged by plaintiffs concerning the premises does not give rise to damages for alleged personal injury.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

47. This answering defendant did not breach or violate any legal duty owed to plaintiffs.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

48. This answering defendant neither committed nor failed to commit any act which damaged the plaintiffs.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

49. To the extent that plaintiff sustained any injuries by reason of their exposure to risks, plaintiff's failure to make use of safety device(s) was the sole proximate cause of such injuries.

50. Plaintiffs are barred from recovering damages in this action pursuant to the intervening cause doctrine and by such other doctrines of law or equity of which the Court shall take notice at the time of trial.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

51. To the extent that plaintiffs sustained an injury at the time and place alleged in the Amended Complaint, which is expressly denied by this answering defendant, to the extent such injury and occurrence was the result of an open and apparent condition at the time and place alleged, and not as a result of any breach of any common law or statutory duty or obligation by this answering defendant, plaintiffs may not get recovery as against this answering defendant.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATION DEFENSE

52. Defendant asserts the doctrine of forum non conveniens. Plaintiffs' complaint and action should be dismissed based upon said doctrine.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATION DEFENSE

53. Defendant assets forum non conveniens, as Nevada is the proper forum for the instant litigation, as the alleged accident is claimed to have occurred in Las Vegas, Nevada.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

54. That the venue of this matter is more properly placed in the United States District Court, District of Nevada pursuant to 28 USCA §1404(a).

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

55. The venue of this matter should be changed to the United States District Court, District of Nevada, pursuant to 28 USCA §§1404(a), as the District of Nevada is the proper and most convenient forum and is the location at which the alleged accident occurred, and is the location where non-party witnesses are located, documents and the elevator alleged to be at issue are located, and Nevada law shall apply, among other things.

## AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

56. That the plaintiffs' conduct, comparative negligence or contributory negligence bars any recovery by plaintiffs.

## AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

57. That answering defendant denies any and all allegations of plaintiffs' amended complaint not specifically admitted herein.

## AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

58. That answering defendant reserves the right to amend this answer to assert additional affirmative defenses upon ascertaining more definite facts during and upon completion of discovery and investigation.

## AS A BASIS FOR AFFIRMATIVE RELIEF AND AS FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANT BALLY'S LAS VEGAS CASINO/HOTEL, PARBALL CORPORATION and PARBALL CORPORATION d/b/a BALLY LAS VEGAS ANSWERING DEFENDANT ALLEGES:

59. If plaintiffs were caused to sustain injuries and damages at the time and place set forth in plaintiffs' Amended Complaint through any carelessness, recklessness and negligence other than plaintiffs' own, those damages arose in whole or in part from the acts of co-defendant and if any judgment or recovery of any kind is recovered herein by plaintiffs against answering

defendant, then this defendant will be damaged thereby and will be entitled to contribution or apportionment pursuant to CPLR Article 14 in whole or in part, on the basis of proportionate responsibility or negligence of co-defendant.

AS A BASIS FOR AFFIRMATIVE RELIEF AND
AS FOR A SECOND CROSS-CLAIM AGAINST
<u>CO-DEFENDANT BALLY'S LAS VEGAS CASINO/HOTEL
PARBALL CORPORATION</u> and
<u>PARBALL CORPORATION d/b/a BALLY LAS VEGAS
ANSWERING DEFENDANT ALLEGES</u>:

60. If the plaintiffs were caused to sustain injuries and damages at the time and in the manner set forth in the Amended Complaint through any carelessness, recklessness or negligence other than that of plaintiffs' own, which is expressly denied, such injuries and damages will have been caused, brought about and sustained solely by reason of the active, primary and affirmative negligence, carelessness and wrongdoing of the co-defendant, their agents, servants and/or employees, without any negligence on the part of this answering defendant contributing thereto, or if there be any negligence on the part of the answering defendant, the same was merely passive and secondary in nature.

61. That by reason of the foregoing, if the plaintiffs recover any judgment or recovery of any kind against the answering defendant, then pursuant to common law indemnification this defendant is entitled to be fully indemnified by the co-defendant in a like amount, together with the costs, disbursements, expenses and attorneys' fees of the defense of this action by reason of the active and primary negligence of the co-defendant.

**THE DEFENDANT, OTIS, HEREBY DEMANDS PURSUANT TO F.R.C.P. 38 A TRIAL BY JURY OF ALL ISSUES TRIABLE BY A JURY.**

WHEREFORE, the defendant, OTIS, demands judgment dismissing the amended complaint, together with the costs, disbursements and expenses of this action, and further

JAM/ep                                                                    04-002

demands that the relative responsibilities of the said defendants be apportioned and that the defendant, OTIS, have full indemnification and judgment herein against co-defendants for the full amount of any verdict or judgment that may be recovered against it by the plaintiffs in this action, together with all costs of investigation and disbursements, expenses and attorneys' fees incurred in the defense of this action, and in the conduct of this cross-claim.

Dated: New York, New York
       August 12, 2008

                                    Yours, etc.,

                                    GERINGER & DOLAN LLP

                                    By: _____
                                         JOHN A. McCARTHY (JAM 2972)
                                  Attorneys for Defendant
                                  OTIS ELEVATOR COMPANY
                                  5 Hanover Square – 3rd Floor
                                  New York, New York 10004
                                  (212) 682-7050

TO:    Justin M. Blitz, Esq.
        SHANDEL, BLITZ, BLITZ &
        ASHLEY, LLP
        Attorneys for Plaintiffs
        150 Broadway, 14th Floor
        New York, New York 10038
        (212) 513-1300

        Christopher C. Mauro, Esq.
        CAMACHO MAURO MULHOLLAND, LLP
        Attorneys for Defendant
        PARBALL CORPORATION d/b/a
        BALLYS LAS VEGAS
        350 Fifth Avenue, Suite 5101
        New York, New York 10118
        Your File No.: HARY-1984-E
        (212) 947-4999

JAM/ep
04-002

## CERTIFICATE OF SERVICE

I, John A. McCarthy, hereby certify that on the 12 of August, 2008 the foregoing Answer to Plaintiffs' Amended Complaint and Jury Demand has been electronically filed and is available for viewing and downloading from the Electronic Case Filing system of the United States District Court for the Southern District of New York.

Additionally, a copy of the foregoing being served by first class mail with postage pre-paid thereon upon the opposing attorneys:

TO:    Justin M. Blitz, Esq.
SHANDEL, BLITZ, BLITZ &
ASHLEY, LLP
Attorneys for Plaintiffs
150 Broadway, 14th Floor
New York, New York 10038
(212) 513-1300

Christopher C. Mauro, Esq.
CAMACHO MAURO MULHOLLAND, LLP
Attorneys for Defendant
PARBALL CORPORATION d/b/a
BALLYS LAS VEGAS
350 Fifth Avenue, Suite 5101
New York, New York 10118
Your File No.: HARY-1984-E
(212) 947-4999

_____
JOHN A. McCARTHY (JAM 2972)