UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LYNDA BARNABY and DAVID LEIBOWITZ,        Docket No.: 08-CV-05137 (MGC)

                        Plaintiff,         *Answer to*
                                          *Amended Complaint*

     -against-

BALLLY'S LAS VEGAS CASINO/HOTEL, OTIS
ELEVATOR COMPANY, PARBALL CORPORATION
and PARBALL CORPORATION, d/b/a BALLY'S
LAS VEGAS,

                        Defendants.
------------------------------------------------------------------X

       Defendant, Parball Corporation d/b/a Bally's Las Vegas, by its attorneys, CAMACHO MAURO MULHOLLAND, LLP, as and for an answer to the plaintiff's amended verified complaint, respectfully alleges:

### AS AND FOR A FIRST CAUSE OF ACTION

1. Denies.

2. Denies.

3. Denies knowledge and information sufficient enough to form a belief as to the truth of this allegation.

4. Denies knowledge and information sufficient enough to form a belief as to the truth of this allegation.

5. Denies.

6. Admits.

7. Denies.

8. Admits.

9. Denies and leaves all matters of law to the Honorable Court.

10. Denies and leaves all matters of law to the Honorable Court.

11. Denies and leaves all matters of law to the Honorable Court.

12. Denies knowledge and information sufficient enough to form a belief as to the truth of this allegation.

13. Denies knowledge and information sufficient enough to form a belief as to the truth of this allegation.

14. Denies and leaves all matters of law to the Honorable Court.

15. Denies and leaves all matters of law to the Honorable Court.

16. Denies and leaves all matters of law to the Honorable Court.

17. Denies knowledge and information sufficient enough to form a belief as to the truth of this allegation.

18. Denies and leaves all matters of law to the Honorable Court.

19. Denies and leaves all matters of law to the Honorable Court.

*AS AND FOR A SECOND CAUSE OF ACTION*

20. Defendant Parball Corporation d/b/a Bally's Las Vegas repeats and reiterates each and every denial heretofore made in this answer to the paragraphs of the complaint designated "1" through "19" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the complaint designated "20".

21. Denies knowledge and information sufficient enough to form a belief as to the truth of this allegation.

22. Denies and leaves all matters of law to the Honorable Court.

23. Denies and leaves all matters of law to the Honorable Court.

24. Denies and leaves all matters of law to the Honorable Court.

### *AS AND FOR A FIRST AFFIRMATIVE DEFENSE*

25.  The defendant(s) not being fully advised as to all the facts and circumstances surrounding the incident complained of, hereby assert and reserve unto themselves the defenses of accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense which the further investigation of this matter may prove applicable herein.

### *AS AND FOR A SECOND AFFIRMATIVE DEFENSE*

26.  The complaint fails to state a claim upon which relief may be granted.

### *AS AND FOR A THIRD AFFIRMATIVE DEFENSE*

27.  Pursuant to CPLR Article 16, the liability of defendant, Parball Corporation d/b/a Bally's Las Vegas, to the plaintiff herein for non-economic loss is limited to defendant, Parball Corporation d/b/a Bally's Las Vegas, equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

### *AS AND FOR A FOURTH AFFIRMATIVE DEFENSE*

28.  Plaintiff(s) have recovered the costs of medical care, dental care, custodial care, rehabilitation services, loss of earnings and other economical loss and any future such loss or expense will, with reasonable certainty, be replaced or indemnified in whole or in

part from collateral sources. Any award made to plaintiff(s) shall be reduced in accordance with the provisions of CPLR 4545(c).

### *AS AND FOR A FIFTH AFFIRMATIVE DEFENSE*

29.    Any damages sustained by the plaintiff(s) were caused by the culpable conduct of the plaintiff(s), including contributory negligence, assumption of risks, breach of contract and not by the culpable conduct or negligence of this answering defendant. But if a verdict of judgment is awarded to the plaintiff(s), then and in that event the damages shall be reduced in the proportion which the culpable conduct attributable to the plaintiff(s) bears to the culpable conduct which caused the damages.

### *AND FOR A SIXTH AFFIRMATIVE DEFENSE*

30.    Plaintiff may have failed to mitigate damages.

### *AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE*

31.    Plaintiff's alleged loss and damage, if any, resulted wholly and solely from the fault, neglect and want of care of the Plaintiff or persons or parties other than Defendant, for whose acts said Defendant is not liable or responsible and not as a result of any negligence.

### *AS AND FOR A EIGHT AFFIRMATIVE DEFENSE*

32.    This defendant is entitled to a set-off if any tort feasor has or will settle with plaintiffs pursuant to G.O.L. 15-108.

### *AS AND FOR A NINTH AFFIRMATIVE DEFENSE*

33.    That the Court herein does not have jurisdiction over the person of the defendant Parball Corporation d/b/a Bally's Las Vegas in that they were not properly served with the summons and complaint in the above action.

### *AS AND FOR A TENTH AFFIRMATIVE DEFENSE*

34. This action should be dismissed for improper venue and under the doctrine of *forum non conveniens*.

### *AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE*

35. This Court has no subject matter jurisdiction over this answering defendant.

### *AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE*

36. Court lacks subject matter jurisdiction over this claim as there is no connection with New York.

### *AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE*

37. The complaint should be dismissed as this action violates the rights of defendants pursuant to the United States Constitution and the Constitution of New York in that defendants lack minimum contacts with New York to form the basis to exercise jurisdiction over the defendants.

### *AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE*

38. That by entering into the activity in which the plaintiff(s) was engaged at the time of the occurrence set forth in the complaint, said plaintiff(s) knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiff(s) herein as alleged in the complaint arose from and were caused by reason of such risks voluntarily undertaken by the plaintiff(s) in his activities and such risks were assumed and accepted by him in performing and engaging in said activities.

### *AS AND FOR A CROSS-CLAIM FOR CONTRIBUTION*

39. That if plaintiff(s) was caused to sustain damages by reason of the claims set forth in the complaint, all of which are specifically denied, such damages were sustained by reason of the acts, conduct, misfeasance or nonfeasance, of co-defendant(s) Otis Elevator Company their agents, servants and/or employees, and not by this answering defendant, and if any judgment is recovered by plaintiff(s) against this answering defendant, such defendant will be damaged thereby, and co-defendant Otis Elevator Company is or will be responsible therefore in whole or in part.

### *AS AND FOR A CROSS-CLAIM FOR INDEMNITY*

40. That if plaintiff(s) was caused to sustain damages by reason of the claims set forth in the complaint, all of which are specifically denied, and if any judgment is recovered by the plaintiff(s) against this answering defendant, that under a contract entered into between the parties or by reason of express or implied warranty, the co-defendant, Otis Elevator Company, will be liable over to this answering defendant pursuant to the terms of the indemnity agreement in said contract or warranty, for the full amount of any verdict or judgment awarded to the plaintiff(s) against this answering defendant, together with attorneys fees, costs and disbursements.

### *AS AND FOR A THIRD CROSS-CLAIM*
### *(Kinney Claim)*

41. Upon information and belief, the co-defendant Otis Elevator Corporation entered into a written contract and/or lease with regard to the premises in question. The written contract and/or lease was in full force and effect on the date of plaintiff's incident. Under the terms of the written contract and/or lease, the co-defendant agreed to purchase a liability policy for the benefit of an providing coverage for this defendant for claims such as

those asserted by plaintiff in this action. Upon information and belief, the defendant failed to obtain such a liability insurance policy as required by the terms of the written contract and/or lease. This failure by the co-defendant is a breach of the written contract and/or lease.

By reason of the foregoing, this defendant has been damaged and is entitled to indemnification for any verdict or judgment that plaintiff may obtain against it including, but not limited to, attorneys fees, costs or disbursements.

WHEREFORE, defendant, Parball Corporation d/b/a Bally's Las Vegas demands judgment dismissing the complaint herein together with the costs and disbursements of this action.

Dated: New York, New York
       August 25, 2008

CAMACHO MAURO MULHOLLAND, LLP

_____
Christopher C. Mauro (CM7660)
Attorneys for Bally's Las Vegas Casino/Hotel
350 Fifth Avenue - Suite 5101
New York, New York 10118
(212) 947-4999
Our File No.: HARY-1984-E

To: (See Affidavit attached)

STATE OF NEW YORK )
COUNTY OF NEW YORK ) ss:

Gloria Zapata, being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Brooklyn, New York.

That on August 25, 2008, deponent served the within *Answer to Amended Complaint* upon the attorneys/individuals listed below, at his/her/its addresses which were so designated by said attorneys for said purpose, by depositing a true copy of same enclosed in a post paid properly addressed wrapper in a post office under the exclusive care and custody of the United States Postal Service within the State of New York:

TO:

Shandel, Blitz, Blitz & Ashley, LLP
*Attorneys for Plaintiffs*
150 Broadway, 14th Floor
New York, New York 10038
(212) 513-1300

Geringer & Dolan, LLP
5 Hanover Square, 3rd Floor
New York, New York 10004
(212) 682-7050
(212) 867-5987
Attorneys for defendant
OTIS ELEVATOR COMPANY

_____
Gloria Zapata

Sworn to before me this
25th day of August, 2008

_____

CHRISTOPHER MAURO
Notary Public, State of New York
No. 02MA6171505
Qualified in New York County
Commission Expires July 23, 2011